FILED

2019 JAN -9  PM 12: 39

1  Darnell Shiver
   Plaintiff in *Propria Persona*
2  3746 S. Canfield Avenue #9
3  Los Angeles, California 90034
   DarnellShiver@gmail.com
4

5

6

7              UNITED STATES DISTRICT COURT
8
               CENTRAL DISTRICT OF CALIFORNIA
9
   DARNELL SHIVER,                 )  Case No.
10                                 )  CV19-00189-DOC-GJSx
                      Plaintiff,   )  VERIFIED COMPLAINT FOR
11                                 )  PERMANENT INJUNCTION,
12    v.                           )  CIVIL PENALTIES,
                                   )  RESTITUTION AND OTHER
13  ALLY FINANCIAL, EXPERIAN,      )  EQUITABLE RELIEF
                                   )
14                                 )
                      Defendants.  )
15                                 )

16

17

18

19

20

21

22

23

24

25

26

27

28

PAID

JAN - 9 2019

Clerk, US District Court
COURT 4612

COMES NOW Darnell Shiver ("Plaintiff") to secure redress from ALLY FINANCIAL ("ALLY") and EXPERIAN ("Defendants") and declares as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of ALLY FINANCIAL's false reporting to EXPERIAN and the other bureaus of an alleged delinquent debt of the Plaintiff, and EXPERIAN'S failure to correct ALLY FINANCIAL's false reporting on Plaintiff's EXPERIAN, Equifax and Transunion credit report.

## II. PARTIES

2.     Plaintiff is currently and was at all relevant times a resident in the County of Los Angeles, California.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, ALLY FINANCIAL, is a corporation organized under the laws of the United States of America and is headquartered at: 500 Woodward Avenue, Detroit, MI, 48226.

5.     ALLY FINANCIAL is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, EXPERIAN, is a corporation organized under the laws of the United States of America and is headquartered in Costa Mesa, California.

7.     EXPERIAN is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     EXPERIAN is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of

1   furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third

2   parties.

### III. JURISDICTION

4       9.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15

5   U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions

6   and occurrences giving rise to this action occurred in Los Angeles County, California

7   as a result of the Defendants doing business in California.

### IV. FACTUAL BACKGROUND

9       10.    On or around October 2018 Plaintiff became aware that Defendants were

10  reporting negative/derogatory remarks in the form of "late payments" on Plaintiff's

11  personal credit regarding a car loan from Toyota Financial.

12      11.    On or around October 9, 2018 Plaintiff called ALLY at 888-925-2559

13  and demanded that Defendants update my credit report because Plaintiff was never

14  late on a payment that Ally Financial was reporting to the Credit Reporting Agencies

15  ("CRAs").

16      12.    On or around that same time, Plaintiff called Experian at 866-349-5191

17  and disputed the late payment/derogatory remarks they were publishing and injuring

18  me by reporting false information.

19      13.    Plaintiff requested Defendants to remove the negative/derogatory

20  remarks on His personal credit after proof of payment was shown.

21      14.    On or around October 12th, 2018, Plaintiff telephoned ALLY

22  FINANCIAL (888-925-2559) and TOYOTA FINANCIAL via conference call.  On

23  said call it was determined by TOYOTA FINANCIAL's records that Ally failed to

24  provide the correct and full documentation to receive payment.   Plaintiff was not

25  asked to provide any additional information.   TOYOTA FINANCIAL sent ALLY

26  FINANCIAL full payment on around October 12th, 2018.

27

28

15.    On or around October 25th, 2018, Plaintiff telephoned "Jayson" of ALLY FINANCIAL (888-925-2559) to confirm that I had sent a fax from Toyota Financial proving they had sent a check to ALLY to pay off the car account at hand.

16.    On or around that same time, Plaintiff called Experian at 866-349-5191 to confirm the same information in paragraph 14.

17.    The credit reporting agencies TransUnion and Equifax subsequently deleted the derogatory remark and my credit immediately went up approximately 60 points.

18.    As of the date of this verified complaint, no deletion has occurred by Defendants and Plaintiff continues to be harmed by the actions of Defendants.

19.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, ALLY FINANCIAL failed to remove the disputed item(s) from Plaintiff's credit report. Upon information and belief, ALLY FINANCIAL did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following ALLY FINANCIAL'S receipt of Plaintiff's dispute

20.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EXPERIAN failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following EXPERIAN'S receipt of Plaintiff's dispute.

21.    Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the ALLY FINANCIAL account.

22.    Defendants' actions have damaged Plaintiff in that Plaintiff cannot purchase a condominium with his wife because of his damaged credit score.

- 3 -

## V. CLAIMS

### Negligence – ALLY FINANCIAL

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. ALLY FINANCIAL 's false reporting to EXPERIAN regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, ALLY FINANCIAL breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

25. ALLY FINANCIAL 's false reporting to EXPERIAN regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. ALLY FINANCIAL's false reporting to EXPERIAN regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefore.

### Negligence – EXPERIAN

26. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Experian's failure to remove ALLY'S false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove ALLY'S false reports of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

28. Experian's negligent failure to remove ALLY'S false reports of Plaintiff's alleged debt from Plaintiff's Experian credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial

1  decline in Plaintiff's credit rating, and other compensatory and consequential

2  damages.

3      29.   Experian's failure to remove ALLY'S false report of Plaintiff's alleged

4  debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the

5  falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages

6  therefore.

<strong>Defamation – ALLY FINANCIAL</strong>

7

8      30.   Plaintiff hereby adopts and incorporates the allegations contained in

9  paragraphs 1 through 29 as if fully set forth herein.

10      31.   ALLY FINANCIAL, with knowledge of the falsity of its statements, has

11  published and continues to publish statements to others, including, but not limited to,

12  EXPERIAN, that Plaintiff was past due on the alleged ALLY FINANCIAL account

13  and that the ALLY FINANCIAL account was in delinquent status.   ALLY

14  FINANCIAL 's statements were made with conscious disregard for the rights of the

15  Plaintiff.

16      32.   ALLY FINANCIAL's publication of false statements regarding

17  Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to

18  defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory,

19  special, consequential and punitive damages therefore.

<strong>Defamation – EXPERIAN</strong>

20

21      33.   Plaintiff hereby adopts and incorporates the allegations contained in

22  Paragraphs 1 through 32 as if fully set forth herein.

23      34.   Experian, with knowledge of the falsity of its statements, has published

24  and continues to publish statements to others, including, but not limited to, ALLY and

25  other currently unknown entities and/or individuals who have accessed Plaintiff's

26  Experian credit report, that Plaintiff was past due on the alleged ALLY account and

27  that ALLY was in delinquent status.  In publishing such statements, Experian acted

28  with conscious disregard for the rights of the Plaintiff.

35.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

**Negligent Violation of the Fair Credit Reporting Act – ALLY FINANCIAL**

36.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.     ALLY FINANCIAL 's false reporting to EXPERIANof Plaintiff's alleged delinquency is a violation of ALLY FINANCIAL 's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

38.     ALLY FINANCIAL 's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ALLY FINANCIAL is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – EXPERIAN**

39.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.

1  §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for

2  statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

3  **Willful Violation of the Fair Credit Reporting Act – ALLY FINANCIAL**

4  42.   Plaintiff hereby adopts and incorporates the allegations contained in

5  Paragraphs 1 through 41 as if fully set forth herein.

6  43.   ALLY FINANCIAL 's false reporting to EXPERIAN of Plaintiff's

7  alleged delinquency, despite ALLY FINANCIAL 's knowledge of the falsity of its

8  reporting, is a willful violation of ALLY FINANCIAL 's duties as a furnisher of

9  credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

10  44.   Given ALLY FINANCIAL 's knowledge of the falsity of its reporting,

11  ALLY FINANCIAL 's violations of the FCRA amount to willful non-compliance

12  with the FCRA as stated in 15 U.S.C. §1681n for which ALLY FINANCIAL is liable

13  to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages,

14  and for Plaintiff's reasonable fees associated with filing suit.

15  **Willful Violation of the Fair Credit Reporting Act – EXPERIAN**

16  45.   Plaintiff hereby adopts and incorporates the allegations contained in

17  Paragraphs 1 through 44 as if fully set forth herein.

18  46.   Experian's failure to remove the disputed item from Plaintiff's credit

19  report despite knowledge of the falsity of the disputed item is a willful violation of

20  Experian's duty to ensure maximum possible accuracy of consumer reports as stated

21  in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed

22  items under 15 U.S.C. §1681i.

23  47.   Experian's failure to evaluate or consider any of Plaintiff's information,

24  claims or evidence, and its failure to make any and/or sufficient attempts to remove

25  the disputed item within a reasonable time following Experian's receipt of Plaintiff's

26  dispute is a willful violation of Experian's duties regarding investigation of disputed

27  items as stated in 15 U.S.C. §1681i.

28

48.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's reasonable fees associated with filing suit.

WHEREFORE, Plaintiff, Darnell, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential, special and punitive damages;

3.     For Plaintiff's fees and costs associated with filing suit; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

DATED:  1/ ٩ /2019

by: _____
Plaintiff In Pro Per
3746 S. Canfield Avenue #9
Los Angeles, California 90034
DarnellShiver@gmail.com

## VERIFICATION

I, Darnell, declare and state as follows:

I am the Plaintiff in the above-entitled matter.  I have read the foregoing Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 1/ ٩ /2019 at Los Angeles, California.

by: _____
Darnell
All Rights Reserved

- 8 -